IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH F. SANDOVAL,

    Plaintiff,

v.                                                                   No. 1:24-cv-735 JCH/JMR

CITY OF CLOVIS,
DREW TATUM, District Judge, City of Clovis,
JAKE BOAZMAN, District Attorney, City of Clovis, and
NICKOLAS JACKSON, Detective, Clovis Police Department,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Jospeh F. Sandoval's Prisoner's Civil Rights Complaint, (Doc. 1), filed July 17, 2024, and Amended Complaint, (Doc. 2), filed July 31, 2024. Plaintiff is incarcerated and is proceeding *pro se*. Plaintiff claims he was assaulted by Defendant Jackson during an arrest, and that Defendants Tatum and Boazman violated his constitutional rights relating to the state criminal proceeding resulting from that arrest. Also before the Court are: (1) Plaintiff's Motion for Issuance of Summons (Doc. 12); (2) Motion to Dismiss filed by Defendants Tatum and Boazman (Doc. 15); and Motion to Dismiss filed by Defendants City of Las Cruces and Jackson (Doc. 16). Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss Plaintiff's claims without prejudice to re-filing as set forth below.

## BACKGROUND

Plaintiff alleges that on February 17, 2020, he was assaulted by Defendant Jackson at a gas station in Clovis, New Mexico while he was being arrested. (Doc. 1) at 3; (Doc. 2) at 4. He

states he was charged with trafficking drugs based on an illegal search and seizure. (Doc. 1) at 4. During the ensuing criminal proceedings, Plaintiff claims that Defendants Tatum and Boazman violated his right to a speedy trial, improperly used evidence to establish probable cause, and "instructed Nickolas Jackson to lie and tell the jury he approached me for some other reason." (Doc. 1) at 4-6; (Doc. 2) at 4-5. Plaintiff seeks monetary damages from Defendants. (Doc. 1) at 6; (Doc. 2) at 5.

## STANDARDS GOVERNING INITIAL REVIEW

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any such complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …

poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

## ANALYSIS

### 1. Plaintiff's Motion for Issuance of Summons

Plaintiff has moved for issuance of summons on Defendants. (Doc. 12). This request is premature because Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which requires the Court to dismiss the Complaint *sua sponte* if it fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. Section 1997(e) of Title 42 further provides that a defendant may decline to reply to any action brought by an inmate until the Court orders a response. *See* 42 U.S.C. § 1997e(g)(1)-(2). Based on these authorities, the Court will deny Plaintiff's Motion for Issuance of Summons (Doc. 12) without prejudice because the requested relief is premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock*, 549 U.S. 199, 213-214 (2007).

### 2. Claims Against Defendants Tatum and Boazman

Plaintiff brings claims under 42 U.S.C. § 1983 against state district Judge Drew Tatum and state district attorney Jake Boazman for actions taken in his state criminal case. (Doc. 1) at 1; (Doc. 2) at 2-3. Prosecutors are absolutely immune in Section 1983 suits for actions "taken in connection with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Hinton v. Dennis*, 362 Fed. App'x 904, 907 (10th Cir. 2010) ("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process."). "[I]nitiating and pursuing a criminal prosecution" constitute "activities which

are intimately associated with the judicial process." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quotations omitted). Immunity attaches to these activities even where the plaintiff alleges that the prosecutor knowingly presented false evidence to the Court. *See Burns v. Reed*, 500 U.S. 478 (1991) (applying immunity where prosecutor presented false statements in the probable cause affidavit). Further, even if Defendant Boazman was not immune, a claim for malicious prosecution is only viable where the underlying criminal action terminated in the plaintiff's favor, which is not the case here. *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

Judges are similarly immune from suit based on actions taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). The only exception is when a judge "acts clearly without any colorable claim of jurisdiction." *Snell*, 920 F.2d at 686; *Sawyer v. Gorman*, 317 Fed. App'x 725, 727 (10th Cir. 2008) (finding judges absolutely immune for actions taken in their judicial capacity and "not in the absence of all jurisdiction"). As a state judge, Defendant Tatum had jurisdiction to preside and rule in Plaintiff's state criminal case. Plaintiff's claims against Defendants Tatum and Boazman are therefore barred and must be dismissed.

The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). However, courts need not order an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). As a matter of law, Plaintiff cannot maintain a civil suit against Defendants Tatum and Boazman for their actions in his state criminal case. Accordingly, the Court grants the Motion to Dismiss

filed by Defendants Tatum and Boazman (Doc. 15) and dismisses Plaintiff's Section 1983 claims against these Defendants with prejudice.[1]

### 3. Plaintiff May File an Amended Complaint to Address His Remaining Claims

Plaintiff's remaining claims are that Defendant Jackson assaulted him on February 17, 2020, and that Defendant Jackson thereafter provided false testimony during Plaintiff's state criminal proceedings. *See* (Doc. 1) at 3-6; (Doc. 2) at 4-5. Defendants City of Clovis and Jackson moved to dismiss these claims because Plaintiff filed his Complaint outside the three-year statute of limitations for Section 1983 claims arising in New Mexico. (Doc. 16) at 2-4. In response, Plaintiff argues that his claims are not time-barred because Defendant's Jackson's behavior was ongoing until November 1, 2023—the date his state criminal case concluded. (Doc. 17). Plaintiff further explains that his claims against Defendants City of Clovis and Jackson involve Defendant Jackson's testimony during the criminal trial. *See* (Doc. 21) at 1-3.

Although the statute of limitations is an affirmative defense, failure to file suit within the applicable limitations period may be raised in a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Similarly, courts may consider the Section 1983 time-bar on screening "when the defense is obvious from the face of the complaint and no further factual record [is]

---

[1] If Petitioner wishes to challenge the validity of his state conviction or sentence, he should submit a completed petition under 28 U.S.C. § 2254. *See Naves v. Bigelow*, 565 F. App'x 678, 679 n.1 (10th Cir. 2014) ("A proceeding under § 2254 is the proper vehicle for a challenge to the validity of a conviction or sentence" in federal court); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining a prisoner cannot use a § 1983 action to challenge the fact or duration his confinement, and such challenges must be raised in a separate action seeking habeas relief); *Gee v. Murphy*, 325 Fed. App'x 666, 669 (10th Cir. 2009) (distinguishing a habeas action from a civil rights action).

required to be developed." *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995). "For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions." *Id.* at 675. Section 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014); *see also McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under Section 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose."). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). Thus, to determine the accrual date of Plaintiff's Section 1983 claims, the Court must "identify the constitutional violation and locate it in time." *Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citation omitted).

Plaintiff's claim that Defendant Jackson assaulted him in February 2020 appears to fall outside the three-year statute of limitations period for Section 1983 claims because Plaintiff did not file his complaint until July 2024. Plaintiff, however, argues his claims are not time-barred because the wrongdoing was ongoing until November 1, 2023 (the date his state criminal case concluded), and his claims against Defendants City of Clovis and Jackson involve Defendant Jackson's testimony during the state proceedings. (Doc. 17); (Doc. 21) at 1-3. Plaintiff does not specify what testimony he challenges or how the testimony violated his federal constitutional rights. Nevertheless, the Court will allow Plaintiff to file an amended complaint regarding his claims against Defendants City of Las Cruces and Jackson because he may be able to remedy the

defects in his pleadings.  *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) ("[A] district court may not *sua sponte* dismiss a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue.").

Plaintiff may therefore file a single amended complaint on the proper Section 1983 form within thirty (30) days of entry of this Order.  The amendment must not exceed 20 pages in length. Plaintiff is advised that "[a] cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  Plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  In addition, "a successful § 1983 complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

Plaintiff is further advised that local government entities such as the City of Clovis are not liable for the actions of their employees based on the doctrine of *respondeat superior*.  *See Cannon v. City and Cnty. of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  To establish liability of local-government entities under Section 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."  *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996).  In addition, the *Heck v. Humphrey* doctrine "avoids allowing collateral attacks on criminal judgments through civil litigation."  *McDonough v. Smith*, 139 S.

Ct. 2149, 2157 (2019); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that, if judgment in favor of a Section 1983 plaintiff would necessarily imply the invalidity of his conviction or of his sentence, the complaint must be dismissed with prejudice).

Any amendment filed by Plaintiff will supersede the Complaint and Amended Complaint and must include all federal and state claims he wishes to pursue in this case. If Plaintiff fails to timely amend his complaint as set forth above, the Court may dismiss all federal Section 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction. The Court denies Motion to Dismiss filed by Defendants City of Clovis and Detective Jackson (Doc. 16) without prejudice as moot. Defendants may refile a motion to dismiss if Plaintiff amends his Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Issuance of Summons (**Doc. 12**) is **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendants Judge Tatum and District Attorney Boazman (**Doc. 15**) is **GRANTED** and Defendants Tatum and Boazman are dismissed from this case;

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendants City of Clovis and Detective Jackson (**Doc. 16**) is **DENIED without prejudice as moot**; and

**IT IS FINALLY ORDERED** that Plaintiff may file an amended complaint **within thirty (30) days** that complies with this Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE