IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOSEPH F. SANDOVAL,

     Plaintiff,

v.                                     No. 1:24-cv-735 JCH/JMR

CITY OF CLOVIS, and
NICKOLAS JACKSON, Detective, Clovis Police Department,

     Defendants.


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Amended Prisoner Civil Rights Complaint, (Doc. 23) ("Amended Complaint"), filed March 5, 2026. Attorney Carlos Quinones has appeared in the case on behalf of Defendants Jackson and the City of Clovis and filed a Motion to Dismiss Plaintiff's Amended Complaint on March 18, 2026. (Doc. 24). Plaintiff filed a response to the Motion to Dismiss on March 31, 2026. (Doc. 25). Plaintiff is incarcerated and is proceeding *pro se* and *in forma pauperis*. For the reasons set forth below, the Court denies the Motion to Dismiss without prejudice and orders Defendants to answer the Amended Complaint and file a *Martinez* Report.

Plaintiff initiated this case by filing his original Complaint on July 17, 2024. (Doc. 1). Plaintiff alleged Defendant Jackson violated his constitutional rights during an arrest, and that Defendant Jackson, state district Judge Drew Tatum, and state district attorney Jake Boazman violated his constitutional rights relating to the state criminal proceedings resulting from that arrest. *See* (Doc. 1). By a Memorandum Opinion and Order entered February 10, 2026, the Court screened Plaintiff's original Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed

Plaintiff's claims against Defendants Tatum and Boazman with prejudice. (Doc. 22) at 3-5 ("Screening Ruling"). The Court dismissed Plaintiff's claims against Defendants Jackson and the City of Clovis without prejudice, and granted Plaintiff leave to file an amended complaint. *Id.* at 5-8.

In his Amended Complaint, Plaintiff renews his claims against Defendants Jackson and the City of Clovis. He alleges that on February 17, 2020, Defendant Jackson assaulted him, arrested him without a warrant and without probable cause, and conducted an illegal search and seizure. (Doc. 23) at 14-15. He further alleges Defendant Jackson was instructed to lie during the criminal proceedings stemming from the arrest. *Id.* at 15-18. In their Motion to Dismiss, Defendants Jackson and the City of Clovis assert that Plaintiff's claims are untimely because the original Complaint was filed after the three-year statute of limitations period ran. (Doc. 24) at 1-5. They further contend that Plaintiff's claims relating to Defendant Jackson's trial testimony are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that the City of Clovis is not vicariously liable for Defendant Jackson's actions. *Id.* at 5-8.

The Court finds Plaintiff's Amended Complaint survives review and warrants an answer under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2). A court may only dismiss claims based on the statute of limitations pursuant to a motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); *see also Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995) (providing that courts may consider the Section 1983 time-bar on screening "when the defense is obvious from the face of the complaint and no further factual record [is] required to be developed"). "A § 1983 action 'accrues when the facts that would support a cause of action are or

2

should be apparent,'" and claims of illegal seizure or false imprisonment based on lack of probable cause "'accrue[] when the alleged false imprisonment ends.'" *Glaser v. Cty. and Cnty. of Denver, Colo.*, 755 Fed. App'x 852, 854-55 (10th Cir. 2019) (quoting *Fratus*, 49 F.3d at 675 and *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013)). The Tenth Circuit explains that alleged "'false imprisonment ends once the victim becomes held pursuant to legal process,'" such as when he is "'bound over by a magistrate or arraigned on charges.'" *Glaser*, 755 Fed. App'x at 855 (quoting *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007), internal brackets omitted).

It is not clear from the allegations in the Amended Complaint whether Plaintiff's original Complaint was filed outside the three-year statute of limitations. Plaintiff alleges he was not charged with drug-related crimes stemming from his February 2020 arrest. (Doc. 23) at 15 (citing in State Case No. D-905-CR-2020-117). He further alleges the evidence obtained during that arrest was used by Detective Jackson to establish probable cause in State Case No. D-905-CR-2021-325, and that he was not charged in State Case No. D-905-CR-2021-325 until August 5, 2021. *Id.* at 15-16. Plaintiff contends Defendant Jackson "repeatedly use[d] dismissed evidence to establish probable cause to go after" the later drug charges. *Id.* at 16. Accordingly, the Court will require further development of the record regarding Defendant Jackson's role relating to the February 2020 arrest and the ensuing criminal charges in Plaintiff's 2020 and 2021 cases. *See, e.g., Smith v. City of Enid by and Through Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (To determine the accrual date of Plaintiff's Section 1983 claims, the Court must "identify the constitutional violation and locate it in time.").

It is also not clear from the face of the Amended Complaint that Plaintiff's claims are barred by *Heck v. Humphrey*. *Heck* requires dismissal of a Section 1983 claim if judgment in favor of the

plaintiff would "necessarily imply" the invalidity of his conviction or his sentence.  512 U.S. 477, 487 (1994).  This requires a finding that the conviction relates to the allegations of wrongdoing. *See Adams v. Dyer*, 223 Fed. App'x 757, 763 (10th Cir. 2007) (holding the district court ruling in favor of defendants based on *Heck* was in error because the allegations related to activity that occurred after the plaintiff was arrested).  The Court will also require record development on the issue of whether Plaintiff's allegations of wrongdoing against Defendant Jackson are related to his convictions in his 2020 and 2021 cases.  *See, e.g., Adams*, 223 Fed. App'x at 762 ("Gaskill has not established that holding him liable on Claim One would 'necessarily imply' that Adams' state convictions were invalid, and thus the district court's grant of summary judgment in favor of Gaskill based on *Heck* was in error.").

For the foregoing reasons, the Court finds further record development is necessary to adjudicate Plaintiff's claims.  The Court will deny Defendants' Motion to Dismiss (Doc. 24) without prejudice and order Defendants to file a *Martinez* report, as set forth below.

**IT IS THEREFORE ORDERED** that Defendants must answer the Amended Complaint **within thirty (30) days** after entry of this Order.  To move the case forward, and in lieu of traditional discovery, the Court will also order a *Martinez* report.  *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978) and noting the *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims.").  The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment.  *Id.* at 1109-13.  Plaintiff will be given an opportunity to present conflicting evidence to controvert the facts set out in the report.  *Id.* at 1109.

The *Martinez* report must address the allegations against Defendants as well as any defenses raised in their answer that they wish to pursue.  The report must:

1) Include a written brief that discusses Plaintiff's claims. Factual assertions in the briefs must be supported by proof, such as affidavits or documents.  *See Hayes v. Marriott*, 70 F.3d 1144, 1147-48 (10th Cir. 1995).  The brief can take the form of a memorandum in support of a summary judgment motion, if Defendants seek summary judgment on the claims;

2) State whether records pertaining to the allegations exist;

3) State whether policies or regulations addressing the allegations exist; and

4) Include, as attachments, copies of the relevant records, policies, or regulations. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176-77 (D.N.M. 2006).   Any summary judgment brief/memorandum that accompanies the *Martinez* report must comply with Fed. R. Civ. P. 56.

Defendants must file the *Martinez* report of record and serve a copy on Plaintiff **within seventy-five (75) days** after entry of this Order.  If Defendants seek summary judgment based on the *Martinez* report, they must file their motion for summary judgment by the same date.  Plaintiff must file his response or objections to the *Martinez* report **within thirty (30) days** after Defendants file the report of record.  If the *Martinez* report is accompanied by a motion for summary judgment, Plaintiff's response must also address that motion.  Defendants may file an optional reply **within fourteen (14) days** after Plaintiff files his response.

5

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (**Doc. 24**) is **DENIED** without prejudice as set forth above.

_____
SENIOR UNITED STATES DISTRICT JUDGE

6